## AMERICAN SURETY CO. OF NEW YORK v. CALCASIEU OIL CO., Inc., et al.

### No. 457.

District Court, W. D. Louisiana, Lake Charles Division.

June 18, 1932.

See also 58 F.(2d) 1039.

Denegre, Leovy & Chaffe and Harry McCall, all of New Orleans, La., for complainant.

Leslie P. Beard, of New Orleans, La., for receiver.

Hawkins & Pickrel, of Lake Charles, La., John B. Files, of Shreveport, La., Ed. J. de Verges and Lubin F. Laurent, both of New Orleans, La., Clinton S. Girod, Jr., of Lake Charles, La., Robt. A. Hunter, Lee & Gilmer, and Blanchard, Goldstein, Walker & O'Quin, all of Shreveport, La., Thompson & Ferguson, of Leesville, La., Cullin R. Liskow, of Lake Charles, La., Lewis & Lewis, of Opelousas, La., McCoy, Moss & King, of Lake Charles, La., Ped C. Kay and Elmer L. Stewart, both of De Ridder, La., McEntire, James & Clower, of Tyler, Tex., and Vance Plauche and Cline, Plauche & Thompson, all of Lake Charles, La., for respondents.

DAWKINS, District Judge.

In the above matter the American Surety Company of New York, as surety upon the bond of the Security Union Insurance Company, has filed in this court an interpleader proceeding under the federal statute, making a large number of the alleged creditors of the principal in the bond parties defendant. Certain of these defendants have opposed the discharge of the plaintiff upon the ground that it has not paid into court the full amount of its liability.

Plaintiff became the surety of the Security Union Insurance Company under the provisions of Act 172 of 1908 of the Louisiana Legislature, on a bond, the maximum liability of which was $20,000. New bonds were given over a period of years; the last being that for 1930. It has paid into court the sum of $20,000; but creditors whose claims arose for the years preceding 1930 take the position that it should pay, in addition to the penalty of the bond for that year, a sum sufficient to cover all claims arising in previous years, on the theory that its liabil-

ity is cumulative. However, after a careful consideration, I am of the opinion that its maximum liability is $20,000. While the Louisiana law was copied from the Arkansas statute, the Legislature added provisions unlike those in that statute, and specifically provided that "such bond shall be annually renewed, and the old bond will become cancelled by the acceptance of the new bond by the State Treasurer, such acceptance being full authority to the Clerk of Court where the old bond is recorded to make such cancellation on his records. Provided that no bond shall be canceled, or withdrawn unless a new bond has been substituted as * * * provided, or satisfactory evidence has been submitted to the insurance department that the company has discharged all of its obligations and liabilities in this State, and that it has no liabilities whatever outstanding in this State." I am impressed that the purpose and intention of this provision was to require insurance companies of the type covered by the statute to maintain at all times a bond for the protection of their policyholders in the amount of $20,000, and that, to insure this result, it provided that the bond should be "annually renewed," and that any liability arising in previous years should be attached to each renewal to the extent of the full amount of the bond. This, I think, would be true whether the new surety were the same or another than the one on the previous bond, for each renewal would necessarily be made subject to the provisions of the statute, which reasonably implies the result which I have mentioned. It would not be a question of a contractual relation as between prior creditors and a new surety, but a statutory liability, of which the latter could avail themselves. As has been suggested by counsel, a different interpretation might, over a period of five years, render the surety liable, not for the maximum amount of $20,000, but possibly $100,000 to $200,000, in a situation where it had received a premium upon $20,000 only.

I do not think any of the decisions cited by counsel for the defendants can be held applicable, because of the clear difference in the provisions of the Louisiana law. If the furnishing of the new bond and its acceptance by the state treasurer is of sufficient authority to cancel the old one, without regard to any liabilities which may have accrued thereon, then it must be that the Legislature meant that the cancellation should be effective, so as to remove the right of any one to sue upon it and to discharge the liability of the surety. The view which I have expressed appears to me to be fully supported by the last proviso of section 1, to the effect that "no bond shall be canceled, or withdrawn unless a new bond has been substituted as * * * provided, or satisfactory evidence has been submitted to the insurance department that the company has discharged all of its obligations and liabilities in this State, and that it has no liabilities whatever outstanding in this State." This clearly implies that if the new bond has been furnished the old one should be canceled without regard to the showing of the nonexistence of liabilities in the state on the part of the principal.

My conclusion is that the sum deposited by the plaintiff covers its entire liability on the bond, and that it is entitled to be discharged.

I think the law also contemplates that the plaintiff, in a proceeding of this sort, is entitled to a reasonable allowance for attorney's fees and to reimbursement for its costs expended. The attorney's fees will be fixed at the sum of $500, and the costs determined by obtaining from the clerk bills showing the expenditures made by the plaintiff.

Otherwise, the controversy is as between the claimants, whose rights were protected by the bond, and in view of the large number involved and the necessity for hearing and taking testimony, a master will be appointed for that purpose, with directions to hear the parties, determine the facts, and report to this court his conclusions of law and fact.

Proper decree, in accordance with the views herein expressed, should be presented.